# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD MICHAEL OUTLAW,** : | |
| **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | **No. 21-1290** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| **Defendants.** : | |
| : | |

## ORDER

AND NOW, this _____ day of _____, 2022, upon consideration of Plaintiff's Motion to Strike Objections and Compel Defendant Howard Peterman and Defendant City of Philadelphia to Provide Responses and Produce Responsive Material to Plaintiff's Requests for Production of Documents Related to Overtime, and Defendants' Response in Opposition, it is hereby **ORDERED** that the Motion is **DENIED**.

BY THE COURT:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD MICHAEL OUTLAW,** <br> **Plaintiff,** <br><br> v. <br><br> **CITY OF PHILADELPHIA, et al.,** <br> **Defendants.** | **Civil Action** <br> **No. 21-1290** |

**DEFENDANTS DETECTIVE PETERMAN AND CITY OF PHILADELPHIA'S RESPONSE IN OPPOSITION TO MOTION TO STRIKE OBJECTIONS AND COMPEL DEFENDANTS TO PROVIDE RESPONSES AND PRODUCE RESPONSIVE MATERIAL TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS RELATED TO OVERTIME**

Defendant City of Philadelphia ("City of Philadelphia" or "City") and Defendant Detective Howard Peterman respectfully submit the following Response in Opposition to Plaintiff's Motion to Strike Objections and Compel Defendants to Provide Responses and Produce Responsive Material to Plaintiff's Requests for Production of Documents Related to Overtime (the "Motion to Compel").

**I.   BACKGROUND**

Plaintiff has once again burdened this Court and Defendants with the filing of this fifth motion to compel. *See* ECF No 27 (Motion to Compel); ECF No. 37 (Motion to Compel); ECF No. 105 (Motion to Compel); ECF No. 106 (Motion to Compel); and ECF No. 122 (Motion to Compel).[1] The instant fifth Motion to Compel should be denied as Plaintiff has failed to establish he is entitled to the far-reaching discovery he seeks.

---

[1] Although the Court did grant Plaintiff relief in limited part in response to Plaintiff's first several motions, Plaintiff's most recent round of motions to compel have been denied, either outright or as moot. *See, e.g.*, Order dated August 5, 2022, ECF No. 116. Undeterred, however, Plaintiff has now filed the instant fifth motion to compel.

Plaintiff has now served a total of thirteen sets of requests for production on the City,[2] two sets of requests for production on Defendant Detective Peterman, two sets of requests for production on Defendant Detective Piree, one set of interrogatories on the City, one set of interrogatories on Defendant Detective Peterman, one set of interrogatories on Defendant Detective Piree, one set of requests for admission on all defendants, and one set of requests for admission on Defendant Detective Peterman.[3] With each set of discovery requests – the majority of which have been largely duplicative with a tenuous connection to the claims and defenses in this litigation – Defendants have been forced to divert resources away from expert witness work, scheduling and preparation of key witnesses for depositions, affirmatively seeking documents, and otherwise preparing for adequate defenses in this case due to the necessity of responding to Plaintiff's seemingly never-ending discovery requests.

On August 15, 2022, the parties met and conferred on the City's responses and objections to Plaintiff's tenth set of requests for production and Detective Peterman and Piree's responses and objections to Plaintiff's second set of requests for production, including Plaintiff's requests concerning the overtime pay and hours of Detectives Peterman and Piree. During the meet-and-confer process, counsel for Defendants inquired as to Plaintiff's theory of relevance regarding the requests related to overtime. The only basis for relevance provided to Defendants was that Plaintiff had recently uncovered some reporting regarding alleged abuse of overtime within the Philadelphia Police Department in newspaper articles and that this abuse of overtime could conceivably corroborate Charles Paladino's testimony that he had been held for multiple days for questioning on several occasions. As Defendants explained to Plaintiff, the asserted basis of

---

[2] Plaintiff's thirteenth set of requests for production was served after the deadline for doing so.

[3] Plaintiff has also deposed the City's 30(b)(6) designee on certain directives of the Philadelphia Police Department, spanning a period of almost twenty years.

2

relevance is highly tenuous and hardly justifies burdening Defendants with searching for and producing documents related to overtime records from almost two decades ago. Plaintiff has failed to show he is entitled to the discovery he seeks. As discussed further below, Plaintiff's requests for all documents related to overtime, including, among other things, time sheets, applications for overtime, approval for overtime, paystubs, records of payment, deposit records, and copies of checks spanning the entirety of the Jamal Kelly murder investigation and time spent testifying in and preparing for Plaintiff's criminal trial is not likely to lead to the discovery of admissible evidence, is overbroad, unduly burdensome, and not proportional to the needs of the case.

Nevertheless, Plaintiff now moves to compel for the fifth time seeking the above documents. For the reasons that follow, Plaintiff's Motion should be denied.

## II.   ARGUMENT

### A. Plaintiff Has Failed to Establish He is Entitled to the Overbroad and Unduly Burdensome Discovery into Overtime Records of Detective Peterman

In Request for Production No. 5 directed to the City of Philadelphia, Plaintiff seeks all documents "containing information about overtime pay requested and/or received" by Defendant Detective Peterman spanning the entirety of the Jamal Kelly murder investigation, "including but not limited to: time sheets, applications for overtime, approval for overtime, memorandums related to overtime, paystubs, records of payment, payment histories, deposit records, copies of checks, in addition to any other responsive documents…" Request for Production No. 7 to the City seeks all documents "containing information about overtime pay requested and/or received" by Defendant Detective Peterman related to Plaintiff's criminal trial "such as compensated time for appearing/and or testifying in court hearings in the case, preparation with the prosecutor(s), follow

up investigations, handling of evidence, etc."[4] The City objected to these requests on the grounds that, *inter alia*, such requests are vague and ambiguous, overbroad, unduly burdensome, cumulative, and not proportional to the needs of the case. The City further noted that Plaintiff's allegations in the case did not provide a basis for why such documents are relevant to Plaintiff's claims.

Through Request for Production No. 4 directed to Detective Peterman, Plaintiff seeks – duplicative of Request for Production No. 5 directed to the City – all documents "containing information about the overtime pay received by" Detective Peterman spanning the entirety of the Jamal Kelly murder investigation, "including but not limited to: time sheets, applications for overtime, approval for overtime, memorandums related to overtime, paystubs, records of payment, payment histories, deposit records, copies of checks, in addition to any other responsive documents…" Defendant Detective Peterman objected to the request on the grounds that such a request is vague and ambiguous, overbroad, unduly burdensome, cumulative, and not proportional to the needs of the case. Further, Detective Peterman objected on the basis that Plaintiff has failed to establish the relevance of such information to any claims or defenses in this action.

Plaintiff still has failed to demonstrate any basis to seek the above-described documents. Plaintiff contends that this information is necessary to identify when the repeated interviews of Charles Paladino occurred during which Plaintiff alleges Mr. Paladino was supposedly subjected to physical abuse and "hours—sometimes days-long detentions in the homicide unit interrogation rooms." Pl's Motion at unnumbered p. 15 of 18. Plaintiff also vaguely alleges this information is

---

[4] This Court has already denied Plaintiff's Motion to Compel with regard to Request for Production No. 9 directed to the City which sought all documents "containing information about the overtime pay requested and/or received" by Defendant Detective Peterman between 2000-2004 during the course of his employment with the Philadelphia Police Department. ECF No. 127.

relevant "to further seek reliable data points regarding the time frame of various elements of the investigation." Pl's Motion at unnumbered p. 8 of 18. Plaintiff did not identify this assert basis for relevance during the meet-and-confer but regardless this does not explain why Plaintiff is entitled to the discovery he seeks.

As an initial matter, Defendants have already produced all documents related to any interviews of Charles Paladino in their possession. Plaintiff's allegations now that there must be more does not alone justify the overbroad and unduly burdensome discovery into Detective Peterman's overtime records.[5] Further, Plaintiff has failed to show the connection between the overtime records he demands and the allegation that Charles Paladino was interviewed at other undocumented times and physically coerced into identifying Plaintiff as the person who murdered Jamal Kelly. This is especially so with respect to Request for Production No. No. 7 to the City which seeks all overtime pay records related to Detective Peterman's participation in Plaintiff's criminal trial. Plaintiff does not even attempt to explain – because he cannot – how such information related to overtime records regarding Detective Peterman preparing for or testifying in Plaintiff's criminal trial would be relevant to any claims or defenses in this litigation.

As for Plaintiff's contention that "[he] has no reason to believe that a search for overtime records would be prohibitively expensive or time-consuming", this is entirely specious. Pl's Motion at unnumbered p. 15 of 18. Plaintiff can hardly claim that he believes a search for records, including "time sheets, applications for overtime, approval for overtime, memorandums related to overtime, paystubs, records of payment, payment histories, deposit records, [and] copies of

---

[5] Based on Plaintiff's asserted grounds for relevance, Plaintiff would at most be entitled to discovery into the schedule of overtime hours worked by Detective Peterman on the dates of Charles Paladino's interviews. Any other overtime-related records are not likely to lead to the discovery of admissible evidence and discovery of such documents is not proportional to the needs of the case.

checks" for a retired City employee for an investigation conducted nearly two decades ago can be easily completed. What little relevance, if any, the overtime records Plaintiff seeks may have to the instant litigation is heavily outweighed by the burden these requests would place on the City. *See Guerrizo-Lopez v. City of Allentown*, No. CA 15-1660, 2016 WL 1182158, at *1 (E.D. Pa. Mar. 28, 2016) (noting the court retains broad discretion and has the obligation to limit discovery to ensure that it is proportional to the needs of the case and so that the "burden or expense of the proposed discovery does not outweigh its likely benefits.") (citing *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983) (internal quotation marks and citations omitted)); *see also* Fed. R. Civ. P. 26(b)(1).

Plaintiff's litigation strategy in serving a seemingly never-ending barrage of discovery requests and litigating multiple discovery disputes before this Court in an attempt to divert the City's resources from developing defenses in this litigation should not be sanctioned, and Plaintiff's motion seeking to vindicate his far-reaching discovery requests should be denied.

## III.     CONCLUSION

For the above reasons, Defendant City of Philadelphia and Defendant Detective Peterman respectfully request that this Court deny Plaintiff's Motion to Compel.

                                                Respectfully submitted,

Date: August 22, 2022            */s/ Katelyn Mays*
                                            Katelyn Mays
                                            Assistant City Solicitor
                                            Attorney Identification No. 324246
                                            City of Philadelphia Law Department
                                            1515 Arch Street, 14th Floor
                                            Philadelphia, PA 19102
                                            (215) 683-5434
                                            katelyn.mays@phila.gov

                                            */s/ Danielle B. Rosenthal*
                                            Danielle B. Rosenthal
                                            Deputy City Solicitor
                                            Pa. Attorney ID No. 329676
                                            City of Philadelphia Law Department
                                            1515 Arch Street, 14th Floor
                                            Philadelphia, PA 19102
                                            (215) 683-5448
                                            danielle.rosenthal@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD MICHAEL OUTLAW,** | : |
| **Plaintiff,** | : |
| | : **Civil Action** |
| v. | : **No. 21-1290** |
| | : |
| **CITY OF PHILADELPHIA, et al.,** | : |
| **Defendants.** | : |

## CERTIFICATE OF SERVICE

I certify that on this date, Defendant City of Philadelphia's Response in Opposition to Plaintiff's Motion to Compel Production of Documents has been filed via ECF system and served upon all counsel of record.

Date: August 22, 2022

*/s/ Katelyn Mays*
Katelyn Mays
Assistant City Solicitor
Pa. Attorney ID No. 324246
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5434
katelyn.mays@phila.gov