# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD MICHAEL OUTLAW,** | : |
| Plaintiff, | : |
| | : Civil Action |
| v. | : No. 21-1290 |
| | : |
| **CITY OF PHILADELPHIA, et al.,** | : JURY TRIAL DEMANDED |
| Defendants. | : |

## PROPOSED ORDER

**AND NOW**, this _____ day of September 2022, upon consideration of Defendants' Motion for Extension of Time to Serve Rebuttal Expert Reports and for an Extension of the Deadline for File Daubert and Summary Judgment Motions, it is **HEREBY ORDERED** that the Motion is **GRANTED** as follows:

1. Rebuttal expert reports shall be due by **October 11, 2022**.

2. Expert discovery shall be completed by **October 25, 2022**.

3. Any motions for summary judgment and *Daubert* motions shall be filed on or before **November 15, 2022, at 12:00 p.m.** Response(s) to any such motion shall be filed within twenty-one (21) days of service of the motion.

BY THE COURT:

_____

**CHAD F. KENNEY, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD MICHAEL OUTLAW,**<br>    **Plaintiff,**<br><br>v.<br><br><br><br><br><br>**CITY OF PHILADELPHIA, et al.,**<br>    **Defendants.** | Civil Action<br>No. 21-1290<br><br><br><br>**SCHEDULING CONFERENCE REQUESTED** |

**MOTION FOR EXTENSION OF TIME TO SERVE REBUTTAL EXPERT REPORTS AND FOR AN EXTENSION OF THE DEADLINE TO FILE <u>DAUBERT</u> AND SUMMARY JUDGMENT MOTIONS**

Defendants, City of Philadelphia, Howard Peterman, and Jeffrey Piree, by and through their attorneys, hereby submit the following Motion for an Extension of Time to Serve Rebuttal Expert Reports and for an Extension of the Deadline to File <u>Daubert</u> and summary judgment motions.  Defendants' counsel has attempted to meet-and-confer with Plaintiff's counsel concerning the relief sought in this Motion.  Despite Defendants' counsel's openness as to the reasons for the requested extension and willingness to negotiate timeframes to the extent Plaintiff found those proposed by Defendants unacceptable, Plaintiff's counsel refused to take a position on the Motion and stated that Plaintiff would wait until the Motion was filed to inform the Court and undersigned of any intent to oppose it. Defendants also respectfully request that the Court schedule a telephone conference to discuss these scheduling issues.

**<u>Request for Expedited Consideration</u>**

Because the rebuttal expert deadline is currently set for September 27, 2022, Defendants respectfully requests expedited consideration of this Motion.

**Introduction**

On September 13, 2022, Plaintiff disclosed his intent to designate **ten** expert witnesses and produced **eight** expert reports, which cumulatively total over **four hundred pages**. Defendants face a highly compressed and unfeasible schedule for them to review and analyze Plaintiff's disclosures, depose experts, submit rebuttal reports, and file <u>Daubert</u> motions. The designated times are further truncated by religious holidays, which lead counsel for Defendants observes.

The undersigned cannot possibly meaningfully examine hundreds of pages of disclosed reports, conduct necessary research on ten disclosed experts, work with retained expert(s) on rebuttal reports, retain and/or identify additional experts to the extent that the undersigned and their clients deem it appropriate to do so, arrange for Plaintiff to undergo appropriate rebuttal psychological and/or vocational testing, take up to ten expert depositions, and serve and analyze associated document subpoenas within a two week time period. Further, Plaintiff's disclosures largely fail to comply with Rule 26's requirements and, in some notable cases, rely extensively on hundreds of pages of extra-record and previously undisclosed factual materials.

Finally, even Defendants' initial analysis of Plaintiff's expert disclosures have revealed extensive and wide-ranging deficiencies in their methodologies and conclusions. Defendants therefore expect that Plaintiff's disclosures will require extensive motion practice, at the <u>Daubert</u> stage. Accordingly, Defendants anticipate that the fourteen-day period currently allotted after the close of expert discovery provides insufficient time for Defendants to file <u>Daubert</u> motions and move for summary judgment.

Given the circumstances, Defendants therefore respectfully request very modest fourteen-day enlargements of the time for rebuttal expert disclosures, the close of fact discovery, and the

filing of any <u>Daubert</u> motions. As set forth more fully below, there is ample good cause to grant Defendants' request for modest extensions of the deadline for rebuttal reports, for the close of expert discovery, and the filing of <u>Daubert</u> and summary judgment motions.

**Facts Pertinent to Defendants' Motion**

1. At the Rule 16 conference in this case, Plaintiff's counsel disclosed that Plaintiff anticipated utilizing <u>one</u> or <u>two</u> affirmative experts, consisting primarily of a police practices expert. Plaintiff also anticipated a very limited amount of fact discovery being conducted over a period of six weeks. Based on those representations, the Court set a highly compressed expert-discovery schedule, allowing for only an approximately eighteen-day period in between affirmative and rebuttal expert disclosures. (Order, ECF No. 23.)

2. The fact discovery in this case has been far greater than that anticipated at the Ruel 16 conference in this case – over 60,000 pages of documents and thousands of audio phone calls have been produced. Over a dozen third-party subpoenas for documents have been issued. The Parties have collectively deposed nearly twenty witnesses, with some witnesses being deposed multiple times and/or across the span of multiple days.

3. Although that original scheduling order has been twice amended, no enlargements of time have been made for the disclosure of rebuttal expert reports or expert discovery. (Order, ECF No. 91.) Accordingly, under the current Scheduling Order: (1) expert reports were due September 13, 2022; (2) rebuttal expert reports are due September 27, 2022; (3) expert discovery shall be completed by October 11, 2022; and (3) any motions for summary judgment and <u>Daubert</u> motions shall be filed on or before November 1, 2022 at 12:00 p.m. (Order ¶¶ 3-5, ECF No. 91.)

4.      On September 13, 2022, Plaintiff designated ten expert witnesses and served Defendants with eight expert reports.[1] Among the disclosures were reports of (a) three different police practices experts whose reports collectively total 282 pages and rely on hundreds of pages of extra-record unproduced factual documents; (b) a vocational expert, who conducted an examination and testing of Plaintiff; (c) a psychological expert, who conducted an examination and testing of Plaintiff on two separate dates; (d) one additional liability expert; and (e) four additional damages experts.

5.      Plaintiff's expert reports are voluminous – totaling over four hundred cumulative pages. Multiple reports include consideration of extra-record and undisclosed factual information. For instance, one of Plaintiff's disclosed expert reports contains countless hyperlinks to hundreds of pages of factual material outside of the record and not produced in discovery, including video clips of depositions taken in other cases and affidavits and court filings. Defendants' counsel is not presently familiar with these cases and court filings – all of which appear to contain cherrypicked factual material responsive to Defendants' prior requests

---

[1] Defendants disclosed two experts, each with an accompanying report. As Defendants did not anticipate the use of affirmative experts at the Rule 16 conference, Defendants' counsel notified Plaintiff's counsel by phone well in advance of the disclosure deadline of the fact that Defendants now anticipated disclosing multiple experts due to factual discovery developments in the case. The purpose of the phone call was to inquire as to whether there would be any need for Plaintiff to seek an enlargement of the period for rebuttal reports, as those reports were not anticipated at the time the original schedule was set. Plaintiff's counsel stated that the original scheduled was acceptable, and that they believed expert discovery could still be completed within the 14-day period allotted. Plaintiff's counsel at no point notified Defendants that Plaintiff's anticipated disclosing approximately five to ten times the number of experts that Plaintiff estimated at the Rule 16 conference.

for production – and will need to educate themselves and their experts about those cases to meaningfully respond.[2]

6. Defendants are further hampered in their ability to produce timely rebuttal reports by Plaintiff's failure to comply with Fed. R. Civ. P. 26's requirements. For instance, where a testifying expert need not produce an expert report, Rule 26(c)(2) requires "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(c)(2). But instead, Plaintiff references these witnesses' fact-deposition transcripts, requiring Defendants to divine the specific facts and opinions in the hundreds-of-pages of transcripts to which Plaintiff refers. *See* Exhibit A (letter from D. Rosenthal and K. Mays dated September 19, 2022). And where Plaintiff has disclosed expert reports, those expert reports also have failed to list and identify all facts and data "considered." *See id.* Defendants have communicated these deficiencies during a meet-and-confer on September 16, 2022 and in formal correspondence dated September 17, 200. Plaintiff has yet to provide an anticipated time frame for remediation.

7. Finally, although Defendants' review of the Plaintiff's four-hundred-plus-pages of expert reports and accompanying disclosures is still in its early stages, Defendants expect Plaintiff's designation of ten expert witnesses to be the subject of significant motions practice at the *Daubert* and/or Motion *in Limine* stages due to *inter alia*: (1) experts' reliance on extra-record and undisclosed materials; (2) experts' inclusion of opinions on questions of law and ultimate issues reserved for the jury; (3) experts' failures to disclose the materials relied upon and the bases for their opinions in their disclosed reports; (4) experts' reliance on incomplete and

---

[2] Defendants are particularly surprised about the inclusion of such extra-record materials given the briefing and oral argument that took place on Defendants' Motion to Compel in late May and early June 2022.

inaccurate employment and earnings information and data;[3] (5) experts' opinions specifically directed towards legal claims dismissed by this Court, such as Defendants' failure to intervene and to conduct a constitutionally adequate investigation; and (6) the cumulative nature of the reports, in contravention of the rule that a party should be allowed a single expert per subject matter.

## Argument

Rule 6(b) of the Federal Rules of Civil Procedure authorizes this Court to grant motions to extend time, providing that "[w]hen an act may or must be done within a specified time, the court may for good cause, extend the time . . . if a request is made, before the original time or its extension expires." *See also* Fed. R. Civ. P. 16(b)(4) (stating that a scheduling order "may be modified only for good cause and with the judge's consent").

It is well-settled that parties need sufficient time to review and respond to expert reports. Thus, where an expert needs additional time to complete the analysis of facts and data or an expert report was unanticipated, the Court should grant an extension of time to submit expert rebuttal reports. *See, e.g.*, *Gomez v. Pagan*, No. 13-21811-CIV, 2014 WL 11878588, at *2 (S.D. Fla. July 1, 2014) (granting defendants' motion for enlargement of the schedule and finding that an extension of 30 days was necessary in order to allow the defendant the sufficient opportunity to retain an expert and submit a rebuttal expert witness report); *Avco Corp. v. Turn & Bank Holdings, Inc.*, No. 4:12-cv-01313-MWB, slip op. at 2 (M.D. Pa. Feb. 1, 2017) (noting that

---

[3] Although Plaintiff testified in his deposition that his tax returns were fraudulent – for instance because he took an educational deduction for a college that he never in fact attended -- on September 16, 2022, Plaintiff for the first disclosed years of previously undisclosed tax returns pertaining to a business for which Outlaw is a partner.  He also produced W2 forms, which reveal that Plaintiff misrepresented his income on previous tax forms and failed to accurately respond to Defendants' interrogatories about employment opportunities, notwithstanding the fact that those interrogatory responses were certified as accurate under the penalty of perjury.

granting motion for extension of the rebuttal expert and dispositive motion deadlines because the "tight deadlines of expert discovery . . . [could] prejudice [a party's] case" and "full and complete expert discovery by both parties will undoubtedly that full and complete expert discovery by both parties will undoubtedly aid the Court in the correct disposition of a summary judgment motion"); *Stonestreet v. United States*, No. 1:20CV65-LG-RPM, 2021 WL 6804211, at *2 (S.D. Miss. Apr. 21, 2021) (granting an untimely motion to extend expert rebuttal deadlines because a party did not anticipate the need to retain such an expert until receiving the opposing party's affirmative disclosures).

Moreover, although Rule 26 makes clear that while courts have the authority to control the timing and sequence in which expert designations are made, the default time to submit rebuttal reports is 30 days. Fed. R. Civ. P. 26(a)(2)(D).  Even in far more routine cases involving the disclosure of far fewer expert reports, courts have recognized this period minimally necessary for counsel and experts to do the work necessary to put together and submit expert reports. *Dixon v. Certainteed Corp.*, 168 F.R.D. 51, 54 (D. Kan. 1996) (noting that the thirty-day timeframe reflects the principle that "fairness requires that the recipient of the initial report have some minimum period within which to provide a report solely for contradiction or rebuttal").

Here, principles of fairness and due process support Defendants' requested extension to designate rebuttal experts.  Defendants have only fourteen days under the scheduling order to evaluate and review Plaintiff's disclosures consisting of ten designated experts and eight reports, depose up to ten experts where necessary, conduct psychological and/or vocational testing of Plaintiff, and designate expert witnesses in rebuttal. These timeframes are insufficient and prejudicial to Defendants. Further, in seeking an extension for rebuttal disclosures, Defendants still request less than the default 30-day period they would otherwise have under the Federal

Rules. Indeed, in the face of eight newly disclosed reports, Defendants request they be afforded a mere fourteen-day extension, which would still allow a shorter period for rebuttal expert disclosures than the thirty-day default period.

In addition, this is not a case where a party has failed to take steps to prepare for the need to serve rebuttal reports. Defendants retained a police practices expert and supplied the expert with produced documents – in accordance with Plaintiff's stated intent to utilize such an expert at the Rule 16 conference. But it is completely unfeasible and oppressive to expect a retained expert (even one who has been provided with and has begun review of produced materials) to meaningfully analyze three separate police practices reports (cumulatively spanning hundreds of pages and relying on hundreds of pages of undisclosed documents), respond to those reports, and analyze any deposition testimony of those experts in a fourteen-day period.

Defendants also need the time to meaningfully respond to the expert report of Plaintiff's psychologist, another expert unanticipated at the Rule 16 conference. Even in the extraordinarily compressed time period, Defendants have found and attached an expert who could perform an independent medical examination of Plaintiff, a rebuttal exam for which Plaintiff has yet to confirm he is willing to sit, which position further exacerbates the compressed period for rebuttal reports and motions practice. Although Plaintiff has suggested in email correspondence that Defendants should have completed a psychological examination of him earlier during the fact-discovery period, that position fails to square with the reality that at no point did Plaintiff indicate his intention to sit for such an exam until the deadline for disclosure of affirmative expert reports. Further, courts routinely consider such examinations to be part of expert discovery. *See, e.g.*, *Haddock v. Westrock CP, LLC*, No. 1:19-CV-01390-SKO, 2021 WL 4060474, at *3 (E.D. Cal. Aug. 17, 2021) ("As both the motion and the examination occur prior

to the current close of expert discovery, they are not untimely."). Courts also have not hesitated to grant defendants additional time to conduct such examinations as part of rebuttal. *See, e.g.*, *id*. (granting a two-week extension of the rebuttal expert disclosure deadline to allow for a plaintiff to undergo an independent medical examination).

In addition, the time between now and September 27, 2022 includes the two-day religious holiday of Rosh Hashanah, which lead counsel on this matter observes. The schedule as it stands would leave counsel in the position of foregoing religious observance to vigorously represent her clients, as she is ethically required. Counsel also has a number of other scheduled commitments, including depositions, mediation, and court hearings in other matters. Even with the Rosh Hashanah holiday and other commitments, it would have been feasible – yet tight – to complete the work necessary for serve rebuttal experts on September 27, 2022. The disclosure of ten experts and service of eight reports described above makes this unfeasible.

In sum, it bears noting that Defendants in this case are being accused of extraordinarily serious and reputationally damaging conduct, including having committed perjury. Further, although Plaintiff has not complied with his obligation under the Federal Rules of Civil Procedure 26 to provide initial disclosures pertaining to damages, Defendants anticipate that Plaintiff seek to recover millions of dollars from Defendants, which will come directly out of taxpayer dollars. Based on what is at stake in this case, it is critical that Defendants have a full and fair opportunity to present a defense, and it would be a perversion of justice to prejudice their ability to do so by allowing Plaintiff to pursue a strategy of prevailing based on preventing Defendants' from rebutting any expert testimony.

## **Conclusion**

For all the reasons stated above, good cause amply supports a fourteen-day extension of the deadlines requested in this case.

September 20, 2022                                       Respectfully submitted,

/s/ Danielle B. Rosenthal
Danielle B. Rosenthal
Deputy City Solicitor
PA Bar No. 329676
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5448
danielle.rosenthal@phila.gov

/s/ Katelyn Mays
Katelyn Mays
Assistant City Solicitor
Pa. Attorney ID No. 324246
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5434
katelyn.mays@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD MICHAEL OUTLAW,** : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 21-1290 |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below Defendants' Motion for an Extenson of Time to Serve Rebuttal Expert Reports and for an Extension of Time of the Deadline to File <u>Daubert</u> and Summary Judgment Motions via the Court's electronic filing system and is available for downloading by all parties of record.

Date: September 20, 2022

Respectfully submitted,

<u>/s/ Danielle B. Rosenthal</u>
Danielle B. Rosenthal
Deputy City Solicitor
PA Bar No. 329676
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5448
danielle.rosenthal@phila.gov