# EXHIBIT A



**DIANA P. CORTES**
Philadelphia City Solicitor
(215) 683-5003
diana.cortes@phila.gov

**DANIELLE B. ROSENTHAL**
Deputy City Solicitor
Civil Rights Unit
(215) 683-5448
danielle.rosenthal@phila.gov

**KATELYN MAYS**
Assistant City Solicitor
Civil Rights Unit
(215) 683 5434
katelyn.mays@phila.gov

September 19, 2022

<u>**VIA ELECTRONIC MAIL**</u>
Joshua Van Naarden, Esq.
Julia Ronnebaum, Esq.
VSCP LAW, LLC
Two Commerce Square
2001 Market Street, Suite 3700
Philadelphia, PA 19103

Re:   Donald Michael Outlaw v. City of Philadelphia et al.
        <u>2:21-cv-01290-CFK</u>

Dear Counsel:

We write with respect to your correspondence pertaining to expert disclosures and associated expert reports provided via email on September 13, 2022.  As we have discussed, we find ourselves in a position of needing to move for an extension of the rebuttal expert deadline and enlargement of the expert discovery period.  One contributing factor are issues with compliance with expert disclosure requirements.

### Experts Without Accompanying Expert Reports

Although Federal Rule of Civil Procedure 25(a)(C)(2) allows for the disclosure of certain experts without a report, it still requires that the disclosing party set forth "a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 25(a)(C)(2).  Your disclosures of Patricia Cummings and Marvin Toliver do not comply with this rule.  Rather than summarize the facts and opinions to which those witnesses will testify, your disclosure merely refers to fact witness deposition testimony.  This does not comply with disclosure requirements, as "reference

Joshua Van Naarden, Esq.
Julia Ronnebaum, Esq.
VSCP LAW, LLC
September 19, 2022

to other testimony, without providing the complete statement of opinions and basis therefor in a self-contained document is not only insufficient under Rule 26, but is unworkable." *Ingram v. Novartis Pharms. Corp.*, 282 F.R.D. 563, 565 (W.D. Okla. 2012), *order clarified on reconsideration* (June 29, 201).

Defendants should not be required to sift through hundreds of pages of deposition transcripts and divine the facts and opinions that will be the subject of expert testimony. *See, e.g.*, *Luminara Worldwide, LLC v. Liown Elecs. Co.*, No. CV 14-3103 (SRN/FLN), 2016 WL 6920516, at *2 (D. Minn. Feb. 25, 2016) ("Indeed, the Court has found no authority to support the proposition that the mere citation to a witness's deposition testimony is a sufficient disclosure under Rule 26(a)(2)(C) when, at the time of the deposition, the witness had not been identified as an expert witness.").

## Experts with Accompanying Expert Reports

Federal Rule of Civil Procedure 26(a)(2)(B) requires that an expert's accompanying report include, among other things, both "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; [and] (ii) the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B).

The rule's reference to "facts and data considered" is broader than just those materials reviewed by an expert and ultimately relied upon. It instead includes "all information, whether privileged or not, that a testifying expert generates, reviews, reflects upon, reads, and/or uses in connection with the formulation of his opinions, even if the testifying expert ultimately rejects the information." *Synthes Spine Co., L.P. v. Walden*, 232 F.R.D. 460, 464 (E.D. Pa. 2005). As part of this obligation, the disclosure must include all "information communicated" regardless of whether the information was "relied upon." *Kontonotas v. Hygrosol Pharm. Corp.*, No. CIV.A. 07-4989, 2009 WL 3719470, at *4 (E.D. Pa. Nov. 4, 2009).

In addition, the rule encompasses "anything received, reviewed, read, or authored by the expert, before or in connection with the forming of his opinion, if the subject matter relates to the facts or opinions expressed," *Euclid Chemical Co. v. Vector Corrosion Tech.*, No. 1:05CV80, 2007 WL 1560277, at *3 (N.D. Ohio May 29, 2007). Thus, "[t]he source of the information is irrelevant." *Vitalo v. Cabot Corp.*, 212 F.R.D. 472, 474 (E.D. Pa. 2002), and materials must be disclosed whether provided by counsel or obtained from another source.

Although some experts use Bates numbers to reference documents reviewed, many others use far too general descriptions that make it impossible for Defendants to reliably identify those documents. Just a handful of examples include "Responses to Request for Production of Documents" (Bunin Rep. appx. 1), "Website – Complaint spreadsheet" (Mosiniak Rep. appx.), "PPD Property Receipts" (Ross Rep. at 1), "Philadelphia Police Department Arrest Reports" (Rushing Rep. at 1), and "Photos" (Tota Rep. at 17). A more fulsome list of documents that require clarification is listed in Appendix A to this letter.

Joshua Van Naarden, Esq.
Julia Ronnebaum, Esq.
VSCP LAW, LLC
September 19, 2022

Additionally, in contravention of the disclosure obligations, several of Plaintiff's disclosed reports reveal that experts have considered materials not included on their lists of "reviewed materials."[1] Three non-exclusive examples are provided:

*Darrin Porscher*

Dr. Darrin K. Porscher states that he has "examined other homicide cases" and reviewed those cases' "court submissions and/or judicial findings, as well as evidentiary support such as notes of testimony, witness statements, and forensic reports." (Porscher Report at 41.) But these materials are not included on Dr. Porscher's list of "exhibits" that he has "reviewed" in connection with his report. (*Id.* at 3–13.) Nor does it appear that Dr. Porscher discloses the materials that he considered in discussing his "familiar[ity] with the tortured history of the Philadelphia Police Department" earlier in the report. (*Id.* at 37.)

*Alexandra Whittle*

Similarly, Ms. Alexandra B. Whittle (née Fensterer) discusses her consideration of a variety of extra-record "sources of data points." (Whittle Rep. at 5.). Yet, Ms. Whittle only includes a list of *case* material provided by counsel at the beginning of her report. (*Id.* at 6–7.) Even where certain materials (such as Pennsylvania Department of Corrections standards and DA DOC Policies) are referenced in report, these sources are not included in what is to be a comprehensive list of considered materials. Further, their descriptions are insufficiently specific for Defendants to identify them concretely, let alone obtain them. (*See, e.g.*, *id.* at 5, 18.)

*Michael Mosniak*

In a third example, you requested that we bring portions of original police files from the underlying investigation currently in City possession to your office on August 30, 2022, where Mr. Michael Mosniak looked through them. But nowhere in Mr. Mosniak's report does he disclose his consideration of those materials, which included a significant quantity of documents not included on the list of documents identified by Bates number in Appendix A of the report. (Mosniak Rep. appx.). This begs the question, what other materials have been considered but omitted as well?

\*   \*   \*

Defendants should not be required to depose each and every expert – at considerable cost and in a highly truncated timeframe – to understand the bases for the experts' opinions and the materials that they considered and reference in forming them. Accordingly, we request that these deficiencies be rectified in short order.

---

[1] It is also not apparent to Defendants whether the experts' lists of "reviewed materials" include only those materials that they read and/or relied on or also includes all materials that were communicated to them, even if ultimately rejected.

Joshua Van Naarden, Esq.
Julia Ronnebaum, Esq.
VSCP LAW, LLC
September 19, 2022

Sincerely,

/s/ Danielle B. Rosenthal
Danielle B. Rosenthal
Deputy City Solicitor

/s/ Katelyn Mays
Katelyn Mays
Assistant City Solicitor


Encl.

## APPENDIX A

**Bunin, Royal**
Responses to Requests for Production of Documents
Answers to Interrogatories – City of Philadelphia
Answers to Interrogatories – Peterman
Answers to Interrogatories – Piree
Supplemental Responses to Discovery (5/25/22)
Supplemental Responses to Discovery (6/23/22)

**Mosniak, Michael**
Website – About the Department
Website – Complaint spreadsheet

**Porscher, Frank**
Third Circuit EDPA Jury Instructions for 1983 Claims[2]

**Ross, Wayne**
City of Philadelphia Case Registration Summary
Office of Medical Examiner Records (please specify which documents)
Crime Scene Service Report
Autopsy Photographs (please specify which documents)
Incident Report – Derrick Alston – taken by Peterman (7/9/03)
Preliminary Hearing (10/29/2003) (potentially duplicative of listed hearing transcript)
Temple University Hospital Records (please specify which documents)
PPD Property Receipts
Scene Photographs (please specify which documents)
Google map photographs of the area
Outlaw PowerPoint Presentation[3]

**Dr. Susan Rushing, M.D.**
Letter by Cozen O'Conner legal team to District Attorney
Philadelphia Police Department Arrest Reports
Department of Corrections DC47C Report[4]
Juvenile Lifer Packet[5]
Memo by Leigh Ann Benson of Cozen O'Connor
Stratford Career Institute Official Transcript[6]
Medical Records from Dr. Bowden[7]

---

[2] Please specify the edition and which instructions were considered.
[3] Multiple PowerPoint presentations have been produced. Additional identifying information needed, as well as whether native or PDF version.
[4] We have located at least five different versions of this report, dated July 5, 2016, July 25, 2016, July 27, 2016, June 21, 2017, and June 21, 2018.
[5] We have located at least two different versions of this packet, dated July 6, 2018 and July 28, 2016.
[6] We have located at least two different official transcripts, dated March 24, 2017 and July 20, 2018.
[7] It is unclear to us which precise set of records is being referenced as there were multiple sets of records produced from different sources.

Prison Medical Records

**Romy Tota, Ed.D., LCP, NCC**
Plaintiffs Responses to Defendant's First Set of Requests for Production
Plaintiffs Responses to Defendant Peterman's Interrogatories[8]
Plaintiff's Responses to Defendant Piree's Interrogatories[9]
Plaintiff's Responses to Defendant City of Philadelphia's Interrogatories[10]
Records of Pennsylvania Department of Corrections
Records of Pennsylvania Department of Corrections – Integrated Correctional Plan[11]
Photos
Paystubs from Urban Affairs Coalition (please specify which)
Certificate of Licensure to Operate a Home Care Agency
Certificate of Completion
Marriage License
Certificate of Education
Email Correspondence regarding job with PAAN (more specificity needed)
Job Search Efforts (list documents)
Medical Records from Einstein Healthcare Network[12]
Medical Records from RXD Medication Services
Medical Records from John Bowden Jr., D.O.
Medical Records from OpenMRI
Reference Letters
Diplomas
Records of Juvenile Lifer information

---

[8] It is unclear whether this includes the supplemental responses.
[9] It is unclear whether this includes the supplemental responses.
[10] It is unclear whether this includes the supplemental responses.
[11] We have located at least three different plans, dated December 4, 2015, July 27, 2016, and June 21, 2018.
[12] With respect to the medical records that we have identified on this list, there have been multiple sets of such records produced, sometimes by multiple sources.  Therefore, additional clarification is needed as to the sets of records reviewed, either by date range or Bates number.