**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONALD MICHAEL OUTLAW,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 21-1290** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | **JURY TRIAL DEMANDED** |
| **Defendants.** | : | |
| | : | |

## <u>ORDER</u>

     **AND NOW**, this _____ day of _____, upon consideration of Defendants'
Motion to Preclude Duplicative Expert Testimony on Police Practices ("Motion"), and any
response thereto, it is **HEREBY ORDERED** that Defendants' Motion is **GRANTED**. Plaintiff
is **FURTHER ORDERED** to designate a single police practices expert on or before
_____.

 

                      **BY THE COURT:**

 

                      _____

                      **CHAD F. KENNEY, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONALD MICHAEL OUTLAW,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 21-1290** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | **JURY TRIAL DEMANDED** |
| **Defendants.** | : | |
| | : | |

## DEFENDANTS' MOTION TO PRECLUDE DUPLICATIVE EXPERT TESTIMONY ON POLICE PRACTICES

Defendants, the City of Philadelphia, Howard Peterman, and Jeffrey Piree (collectively, "Defendants"), by and through counsel, hereby file the instant Motion to Preclude Duplicative Expert Testimony on Police Practices ("Motion"). In support of this Motion, Defendants file the accompanying Memorandum of Law and incorporate it as though fully set forth herein.

September 21, 2022

Respectfully submitted,

*/s/ Danielle B. Rosenthal*
Danielle B. Rosenthal
Deputy City Solicitor
PA Bar No. 329676
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5448
danielle.rosenthal@phila.gov

*/s/ Katelyn Mays*
Katelyn Mays
Assistant City Solicitor
Pa. Attorney ID No. 324246
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5434
katelyn.mays@phila.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD MICHAEL OUTLAW, | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| v. | : | **No. 21-1290** |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | **JURY TRIAL DEMANDED** |
| **Defendants.** | : | |
| | : | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO PRECLUDE DUPLICATIVE EXPERT TESTIMONY ON POLICE PRACTICES

As discussed in other briefing (ECF No. 144), Plaintiff has named *ten* expert witnesses. Among those experts, three consist of police-practices experts — Michael Mosiniak (**Exhibit A**), Darrin Porcher (**Exhibit B**), and Christopher Chapman (**Exhibit C**) — who offer highly similar (if not in some cases identical) opinions based on common facts and reasoning.  Pursuant to Fed. R. Civ. P. 403, the potential trial testimony offered by three redundant plaintiff experts would be so repetitive as to be unfairly prejudicial, and would lead to "undue delay, waste of time, or needless presentation of cumulative evidence."  This repetition of testimony at trial would not only prejudice Defendants if admitted but would unnecessarily lengthen the trial.[1]

Although Defendants recognize that in some cases the Court would deem such motion premature, in this case, at the pretrial stage — given the impermissible nature of much of the reports and the highly short timeline — it would greatly prejudice Defendants to allow Plaintiff to move forward with all three reports by forcing Defendants to conduct duplicative, excessive, and unnecessary expert discovery and burden the Court with excess *Daubert* and motions *in limine*

---

[1] In asking the Court to require Plaintiff to pare down the number of experts opining on the same subject matter, Defendants in no way mean to concede the admissibility of any such opinions and reserve all rights to file appropriate evidentiary motions seeking their exclusion.

briefing.  Defendants therefore ask the Court to limit Plaintiff to a single police-practices expert at this stage in the proceeding.

## ARGUMENT

I. **Plaintiff has designated multiple police-practices experts who purport to offer duplicative opinions.**

In contravention of the typical practice that a party should be limited to one expert per subject matter, Plaintiff has designated three police-practices experts with highly overlapping and opinions and conclusions.  The duplicative nature of their opinions and conclusions are striking. To take just *some* examples, all three police-practices experts opine:

- Detective Peterman's affidavit of probable cause[2] violated the Fourth Amendment to the U.S. Constitution. (Chapman Report at 8; Mosiniak Report at 21; Porcher Report at 48.)

- Detectives Peterman, Boyle, McNamee, Harkins, and Piree conspired with one another and failed to intervene in violation of the U.S. Constitution.  (Chapman Report at 9-10; Mosiniak Report at 19, 21; Porcher Report at 46.)

- The Philadelphia Police Department and Lieutenant Deegan acted with deliberate indifference, leading to Plaintiff's wrongful conviction.  (Chapman Report at 8; Mosiniak Report at 19; Porcher Report at 46.)

- The Philadelphia Police Department maintained a custom or practice of coercing witnesses and fabricating evidence.  (Chapman Report at 8; Mosiniak Report at 19-20; Porcher Report at 46.)

- The Philadelphia Police Department had inappropriate practices, training, and/or supervision regarding witnesses' freedom to leave during questioning.  (Chapman Report at 6; Mosiniak Report at 20; Porcher Report at 46-47.)

- Detective Peterman did not have probable cause to initiate the prosecution of Donald Outlaw. (Chapman Report at 8; Mosiniak Report at 21; Porcher Report at 46, 48.)

---

[2] At times in the expert reports, the affidavit probable cause is incorrectly referred to as the "arrest warrant," though the terms appear to be used by certain experts interchangeably.

Thus, not only are these experts in the same field of practice and specialty, but they also all reach nearly identical conclusions and opinions in analyzing the case record.

## II.     Courts have broad discretion to exclude disclosed experts whose testimony will be cumulative and limit a party to one expert per subject matter.

The Court has wide discretion to require a party to designate a single expert per subject matter that will testify at trial. *See, e.g.*, *Robert S. v. Stetson Sch., Inc.*, 256 F.3d 159, 170 (3d Cir. 2001) (holding that the district court acted within bounds of discretion in limiting expert's testimony as cumulative of other expert testimony in the case); *Schell v. Univ. of Pittsburgh Med. Ctr.-Horizon*, No. 07-cv-1119, 2010 WL 11693695, at *2 (W.D. Pa. Sept. 9, 2010) (granting "motions to preclude cumulative expert testimony" where multiple emergency medicine experts were disclosed); *Juarez v. Friess*, No. CV 13-cv-145, 2016 WL 3551690, at *2 (W.D. Pa. June 30, 2016) ("Mr. Schorr's report constitutes unnecessarily cumulative expert testimony, which is neither highly probative nor helpful to the jury in the context of this case.").

Similarly, here there is no point here in permitting Plaintiff to "parad[e] additional experts before the court in the hope that the added testimony will improve upon some element of the testimony by the principal expert."  *Leefe v. Air Logistics, Inc.*, 876 F.2d 409, 411 (5th Cir. 1989); *See, e.g.*, *Riley v. Dow Chem. Co.*, 123 F.R.D. 639, 640 (N.D. Cal. 1989) (limiting the number of experts at the discovery stage); *Hill v. Porter Memorial Hosp.*, 90 F.3d 220, 224 (7th Cir. 1996) (upholding exclusion of untimely disclosed experts in part because "it appears that the trial testimony of Drs. Cranberg and Rothenberg would have been largely, if not totally, cumulative of [plaintiff's] other experts").

The result of permitting three police practice experts to parrot the same opinions to the jury is to prejudicially suggest that three former law enforcement officers, cloaked with expert authority, are to be dispositive of the—at times ultimate—issues debated against Defendants' mere

one police-practices experts.  But witness testimony should not be an arms race, and should not be redundant—these are not, of course, three fact witnesses who independently corroborate a fact of the underlying event.  Further, as noted above, and briefed elsewhere, Defendants are operating under a highly compressed time-period for expert reports and dispositive motions, and to allow such redundant cumulative reports to proceed fully through discovery and motion practice (particularly where filled with such improper and inadmissible proposed testimony) would prejudice Defendants by forcing them to conduct duplicative, excessive, and unnecessary expert discovery and burden the Court with excess expert related *Daubert* and motion *in limine* briefing.

## CONCLUSION

Defendants respectfully request that this Court enter an Order compelling Plaintiff to pare down his Rule 26 expert disclosures to designate a single expert on the topic of police practices.

September 21, 2022                                   Respectfully submitted,

                                                    */s/ Danielle B. Rosenthal*
                                                    Danielle B. Rosenthal
                                                    Deputy City Solicitor
                                                    PA Bar No. 329676
                                                    City of Philadelphia Law Department
                                                    1515 Arch Street, 14th Floor
                                                    Philadelphia, PA 19102
                                                    (215) 683-5448
                                                    danielle.rosenthal@phila.gov

                                                    */s/ Katelyn Mays*
                                                    Katelyn Mays
                                                    Assistant City Solicitor
                                                    Pa. Attorney ID No. 324246
                                                    City of Philadelphia Law Department
                                                    1515 Arch Street, 14th Floor
                                                    Philadelphia, PA 19102
                                                    (215) 683-5434
                                                    katelyn.mays@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **DONALD MICHAEL OUTLAW,** | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 21-1290** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | **JURY TRIAL DEMANDED** |
| **Defendants.** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below Defendants' Motion to Preclude Duplicative Expert Testimony on Police Practices was via the Court's electronic filing system and is available for downloading by all counsel of record

Date: September 21, 2022

Respectfully submitted,

*/s/ Danielle B. Rosenthal*
Danielle B. Rosenthal
Deputy City Solicitor
PA Bar No. 329676
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5448
danielle.rosenthal@phila.gov