## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD MICHAEL OUTLAW** | : | |
| | : | |
| **v.** | : | **NO. 21-1290** |
| | : | |
| **CITY OF PHILADELPHIA, JEFFREY** | : | |
| **PIREE and HOWARD PETERMAN** | : | |

## ORDER

    **AND NOW,** this _____ day of _____, 2022, upon consideration of Defendants' Motion to Preclude Expert Testimony on Police Practices (ECF Doc. 145), and Plaintiff's Response in Opposition thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is **DENIED.**

                               **BY THE COURT:**

                               _____

                               **CHAD F. KENNEY, JUDGE**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONALD MICHAEL OUTLAW** | : | |
| | : | |
| **v.** | : | **NO. 21-1290** |
| | : | |
| **CITY OF PHILADELPHIA, JEFFREY** | : | |
| **PIREE and HOWARD PETERMAN** | : | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE EXPERT TESTIMONY ON POLICE PRACTICES

Plaintiff, Donald Michael Outlaw, by and through his undersigned counsel, files this Response in Opposition to Defendants' Motion to Preclude Duplicative Expert Testimony on Police Practices (ECF Doc. 145). In support of Plaintiff's instant Response in Opposition, Plaintiff incorporates the attached Memorandum of Law.

Respectfully submitted,

VSCPLAW   VAN NAARDEN · SPIZER
CHASE · PINTO

*Julia Ronnebaum*

JOSHUA VAN NAARDEN, ESQUIRE
JULIA RONNEBAUM, ESQUIRE
Two Commerce Square
2001 Market Street, Suite 3700
Philadelphia, PA 19103
TEL:  215-960-0000
FAX:  215-960-0384

Dated: September 28, 2022          *Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONALD MICHAEL OUTLAW** | : | |
| | : | |
| **v.** | : | **NO. 21-1290** |
| | : | |
| **CITY OF PHILADELPHIA, JEFFREY** | : | |
| **PIREE and HOWARD PETERMAN** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE
DUPLICATIVE EXPERT TESTIMONY ON POLICE PRACTICES**

Plaintiff, Donald Michael Outlaw, by and through his undersigned counsel, submits this Memorandum of Law in support of his Response in Opposition to Defendants' Motion to Preclude Duplicative Expert Testimony on Police Practices (ECF Doc. 145).

## I.   <u>INTRODUCTION</u>

Plaintiff respectfully requests that this Honorable Court to deny Defendants' Motion to Preclude (ECF Doc. 145) because it is a premature motion *in limine* cloaked as an expert discovery motion. Trial issues related to the scope and admissibility of expert testimony should be addressed at the time of the Court's consideration of <u>Daubert</u> motions, at the earliest, or during consideration of motions *in limine*, or even at the trial itself, not now, with an additional four weeks left of expert discovery.  The relief Defendants seek unduly prejudices Plaintiff by forcing his counsel to disclose trial tactics and select one police practices expert before defense counsel has even produced a single expert rebuttal report on this subject matter and before expert depositions have been completed.  Plaintiff agrees that he will not produce duplicative expert testimony at trial. However, Plaintiff's trial presentation of expert opinion regarding Defendants' liability remains to be solidified as expert discovery is ongoing and Plaintiff has yet to discover what, if any, rebuttal expert opinions Defendants intend to produce to contradict those offered by Plaintiff's experts.

Further, Plaintiff's claims involve several aspects of police practices (i.e. individual claims vs. <u>Monell</u> claims) such that Plaintiff may produce more than one "police practices expert" and limit each witness to a particular purpose/opinion such that their testimony is not duplicative. Plaintiff has yet to make that strategic decision, and requiring him to do so now, prior to the close of expert discovery and prior to the outcome of Defendants' foreshadowed <u>Daubert</u> filings would be highly prejudicial and contrary to the purpose of expert discovery.

Perhaps more importantly, as Defendants' Motion was premised in large part upon the "highly short timeline" to conduct expert discovery, and as Defendants' Motion for an extension of time has since been granted, thereby extending the expert discovery deadlines[1], Defendants' admittedly premature Motion[2] should be denied.

## II.     RELEVANT FACTUAL AND PROCEDURAL POSTURE

Expert reports were due to be exchanged by both parties in this §1983 Civil Rights case on September 13, 2022. Plaintiff timely produced eight (8) expert reports and identified two (2) non-retained witnesses who may offer expert testimony (and who have already been deposed during discovery of this case). Plaintiff's expert report production consisted of the following:

- Christopher Chapman, Ph.D., Liability Expert – Police Practices

- Darrin K. Porcher, Ed.D., Liability Expert – Police Practices

- Michael Mosiniak, Liability Expert – Police Practices

- Wayne K. Ross, M.D., P.C., Forensic Medical Examiner (Liability)

---

[1] It should be noted that two (2) of Plaintiff's three (3) police practices experts have already sat for depositions taken by counsel for Defendants in this case.

[2] See ECF Doc. 145 p. 3 ("Although Defendants recognize that in some cases the Court would deem such motion premature, in this case, at the pretrial stage - given the impermissible nature of much of the reports and the highly short timeline - it would greatly prejudice Defendants to allow Plaintiff to move forward with all three reports by forcing Defendants to conduct duplicative, excessive, and unnecessary expert discovery and burden the Court with excess *Daubert* and motions *in limine* briefing.")

- Alexandra B. Whittle, Esq., Sentencing and Parole Expert (Damages)

- Susan E. Rushing, M.D., JD, Psychological Expert (Damages)

- Romy Tota, Ed.D., Vocational Expert (Damages)

- Royal A. Bunin, M.B.A., Economic Expert (Damages)

Defendants have produced two (2) total expert reports:

- Robert Milan, Esq. Career Prosecutor (Cook Co., Il.)

- Erich J. Speckin, Forensic Document Analyst and Ink Dating Specialist

Defendants filed their Motion to Preclude on September 21, 2022, seeking to preclude Plaintiff from producing "duplicative expert testimony on police practices," due to Plaintiff's experts offering "highly similar (if not in some cases identical) opinions based on common facts and reasoning."   See ECF Doc. 145 at p. 3.  Defendants have not identified an expert or produced a report from an expert offering any dissimilar or contradictory opinions based on the common facts of this case.[3]  Nor have they produced any reports in rebuttal of Plaintiff's experts, as rebuttal reports are not yet due.

---

[3] It is unclear to Plaintiff why Defendants describe the "duplicative nature of [Plaintiff's experts'] opinions and conclusions" as "striking," where Defendants have failed to produce even one (1) expert in police practices to offer contradictory opinions *in defense of* the conduct of Defendant Detectives or the Philadelphia Police Department. See ECF Doc. 145 p. 4. The fact that Plaintiff has secured three (3) experts in police practices with similar opinions and conclusions regarding the constitutionality of Defendants in the prosecution of Mr. Outlaw and the practices of the PPD during the relevant time period is far from "striking" where even Defendant's own current and former PPD officers agree and admit to various aspects of Plaintiff's claimed constitutional violations. Just a few examples include: Deposition testimony of Det. John Harkins, "I don't know that I've ever put exculpatory information into an affidavit." Dep. Trans. pg. 56:7-19; see also, agreement that constitution requires contradictory statements provided by the same witness to be summarized in the affidavit of probable cause in order to provide the factfinder with credible and relevant information. Id. at pg. 60:1-61:3. See also, deposition testimony of Defendant, Detective Piree, confirming that it was a police officer's job to include exculpatory evidence in an affidavit of probable cause, Dep. Trans. pgs. 86-87, but that he was not trained to include exculpatory information in affidavits for warrants. Id. at pg. 261, and further that he was not trained to know that he could not include information in an affidavit of probable cause if he had serious doubts as to that information's veracity, Id. at pgs. 33:16-24 and 17:1-7. See also, testimony of Detective John McNamee who agreed that inclusion of only one version of a witness' inconsistent statements rather than inclusion of a summary of the witnesses' multiple inconsistent statements was a violation of the Fourth Amendment and something that he "would never do." Dep. Trans pgs. 90-92. See also, Defendant Detective Peterman's admission that he did not include exculpatory information in affidavits of probable cause which was the teachings, customs and practice within the PPD, Dep. Trans. pgs. 301-302. See also, deposition testimony of Captain Francis Healy, who agreed that police officers must include in the affidavit of probable cause a summary of conflicting statements of eyewitnesses where probable

After the filing of Defendant's Motion to Preclude (ECF Doc. 145, filed on September 21, 2022) which was filed while Defendants' Motion for Extension of Time to Serve Rebuttal Expert Reports and for an Extension of the Deadline to File <u>Daubert</u> and Summary Judgment Motions was pending (ECF Doc. 144, filed on September 20, 2022), the Court has issued an Order on September 23, 2022, extending specific case deadlines as follows:

1.      Rebuttal expert reports shall be due by October 11, 2022.

2.      Expert discovery shall be completed by October 25, 2022.

3.      Any motions for summary judgment and *Daubert* motions shall be filed on or before November 15, 2022, and any responses shall be filed within twenty-one (21) days of service of the motion.

<u>See</u> ECF Doc. 150. The Order of September 23, 2022, specifically preserved the remaining deadlines as set forth in the Court's prior Amended Scheduling Order, ECF No. 91. According to that prior Amended Scheduling Order, Motions *in limine* are due by January 17, 2023. <u>See</u> ECF Doc. 91 ¶7.

Under this current framework of deadlines, an additional fifteen (15) days remain before rebuttal reports are due to be exchanged, an additional twenty-nine (29) days remain before the close of expert discovery and <u>Daubert</u> Motions are due, and an additional four (4) months remain before Motions *in limine* are due.

---

cause is based on eyewitness testimony, Dep. Trans pg. 62:10-22, and that failure to do so is in violation of the Fourth Amendment, <u>Id</u>. at pg. 72:12-17.

III.     <u>**LEGAL ARGUMENT**</u>

Under Federal Rule of Civil Procedure 403, the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of, *inter alia*, unfair prejudice, wasting time, or needlessly presenting cumulative evidence. F.R.C.P. 403. Defendants' Motion to Preclude is specifically brought under F.R.C.P. 403. <u>See</u> ECF Doc. 145 p. 3.  However, as the Third Circuit has held "Rule 403 exclusions should not be granted pre-trial absent a record which is 'a virtual surrogate for a trial record.'" <u>In re Paoli R.R. Yard PCB Litigation</u>, 35 F.3d 717, 735 (3d Cir. 1994). Instead, these concerns are best left to be decided via motions *in limine* and a corresponding evidentiary hearing. <u>Id</u>. at 746-47 (holding the *in limine* hearing regarding expert witnesses was adequate). Given that Plaintiff still awaits the potential receipt of rebuttal reports offering opinions on the issue of police practices by the City of Philadelphia, and the remaining outstanding expert depositions that may take place, the evidentiary record as it stands cannot be considered a "surrogate for a trial record," and for the reasons explained below, Plaintiff requests this Court to overrule Defendants' premature Motion seeking to preclude Plaintiff's experts from testifying at trial.

Defendants correctly point out that this Honorable Court has broad discretion in determining whether to limit a party to a single testifying expert on a given subject matter at trial. <u>Robert S. v. Stetson Sch., Inc.</u>, 256 F.3d 159, 170 (3d Cir. 2001). However, this discretion is discussed in Defendants' cited opinions with application to the substance and scope of admissible expert testimony, and not in the context of disrupting the procedural structure of the litigation as Defendants seek here.  Rather, this Court should defer exercising that discretion until the appropriate time – such as during the consideration of motions *in limine*, <u>Daubert</u> motions, other pretrial submissions presented *after expert discovery*, or, as in the <u>Robert S.</u> case by way of ruling

on objections of counsel *during the trial itself*. Id. at 169-70 (affirming district court's exclusion of child abuse expert's opinion *"during the trial"*) (emphasis added).[4]

Even further curious is Defendants' reliance on Robert S. where the district court only excluded the third of three (3) experts' opinions on the same topic after two (2) witnesses had offered the same or similar opinions on the same issue. Id. at 170.  (The expert testimony excluded addressed the same issues Plaintiff addressed through two (2) other experts, both psychologists, who "testified at length about the impact that the alleged physical and mental abuse of [plaintiff] could have on someone with his history.") By the Eastern District's same application of F.R.C.P. 403 in the Robert S. trial, which permitted the expert testimony at trial of two (2) psychologist on the issue of plaintiff's damages before precluding a third expert from opining on the same issue, Plaintiff in this case is not necessarily required to limit himself by designating only one (1) expert, now, or even in advance of trial at all. Plaintiff, however, has no intention of unnecessarily prolonging the presentation of evidence to the jury in this case, and will not present duplicative expert testimony. Plaintiff highlights this aspect of the only Third Circuit case cited in Defendants' Motion simply to demonstrate that Defendants' motion is wholly unsupported by procedural or substantive law in this jurisdiction and is nothing more than Defendants' reaction to the overwhelming evidence against them and their apparent lack of preparation to defend against it.

There is nothing about the Robert S. case that *supports* the action Defendants ask this Court to make by way of granting their Motion to Preclude. In fact, a close reading of the case actually *further confirms* that there is nothing inherently improper or even problematic in Plaintiff's identification and production of expert reports from three (3) separate police practices experts. The

---

[4] Defendants' motion puts the cart before the horse which they recognize in acknowledging the "premature" nature of such a motion in their attempts to disqualify the procedural rules from applying to them in this instance, and by reserving their right to re-file "evidentiary motions" before trial seeking to exclude or limit the scope of Plaintiff's expert reports.  See Defendants' Memorandum of Law in Support of Motion, ECF Doc. 145 at 1, fn.1.

Robert S. district court excluded the expert in question, Dr. Burgess (the third expert to offer the same opinion), for purposes of testifying on the same subject as the previous two (2) experts, ***only*** (i.e. how the plaintiff's abuse as a child predisposed him to "act out" at a later age). Id. Importantly, the trial judge **did not entirely preclude** the expert from testifying at all – the district court simply limited the scope of Dr. Burgess testimony to "the treatment that she believed would have been best for [plaintiff]" Id. at 170. The narrow exclusion of a third expert from testifying on the same subject as two prior expert witnesses is a far cry from what Defendants' ask this Court to do in this case. Defendants rely on Robert S. to justify their motion for the wholesale preclusion, and the premature designation of Plaintiff's experts. Robert S. offers no such justification and Defendants offer no other relevant opinions providing additional authority.

The other cases cited by Defendants, coming from this Court's sister trial court in the Western District of Pennsylvania, or from other Federal Circuit or District Courts,[5] only further support Plaintiff's position. For example, in a medical malpractice case cited by Defendants, defense counsel filed motions *in limine* seeking to limit or exclude medical expert witness opinions because they were cumulative or outside the scope of their expertise. Schell v. Univ. of Pittsburgh Med. Ctr.-Horizon, No. 07-cv-1119, 2010 WL 11693695, at *1-2 (W.D. Pa. Sept. 9, 2010). Notably, and in stark contrast to the procedural posture of Defendants' premature "motion to preclude", the defendants' motions *in limine* in the Schell case were filed just before trial, and Justice Alito (then sitting on the bench of the Western District) issued his Memorandum Order **four (4) days before trial was scheduled to commence**. Id. at *1. The plaintiff's attorneys in that

---

[5] Although Defendants' Motion was filed prior to receipt of this Court's most recent Order redirecting the parties to the Court's Practices and Procedures regarding citations to US Supreme Court and Third Circuit cases whenever possible, Counsel for Defendants repeatedly refer to non-binding opinions from other jurisdictions where the law of this jurisdiction does not support their request. See ECF Doc. 150.

case responded by agreeing that their testifying experts would only offer opinions on discrete issues, and would not present overlapping testimony. Id. at *1-2.

Just like plaintiff's attorneys in that case, Mr. Outlaw's counsel in this case has absolutely no intention of presenting duplicative or cumulative expert testimony at trial on the issue of police practices. Id. Furthermore, Plaintiff may present multiple experts that testify to a limited, unique topic such that testimony is not cumulative.  For example, one police practices expert may be called for the limited purpose of testimony regarding Plaintiff's *Monell* claims, and another expert may be called for the limited purpose of Plaintiff's claims involving individual officer conduct. As expert discovery is ongoing, this determination has not yet been made and Plaintiff would be largely prejudiced if prematurely required to do so. Importantly, the Schell court granted the motions *in limine*, but did not go so far as to exclude any of the experts from testifying given counsel's representation that duplicative or cumulative opinions or testimony would not be presented at trial. Accordingly, as Defendants' "motion to preclude" is really tantamount to a motion *in limine* seeking to preclude two (2) of Plaintiff's experts from testifying at trial before expert discovery is even complete, the Court should deny their premature Motion.

In another Western District case cited by Defendants, the court denied a motion for leave filed by defendants who sought to contact a second accident reconstruction expert and call him to testify at the time of trial.  Juarez v. Friess, No. CV 13-cv-145, 2016 WL 3551690, at *1 (W.D. Pa. June 30, 2016).  Defendants then filed a motion for reconsideration, which was also denied in part because the expert deadline had "long since passed" at the time defendants sought leave to introduce a second accident reconstruction expert's opinions at trial.  Id. at *2.  Defendants' reliance on Juarez is perplexing where: **defense counsel has failed to produce any expert reports on the issue of their police practices**, yet seeks to prematurely preclude Plaintiff's experts from

testifying about issues noted in their timely expert reports.  The Court should deny Defendants'
motion because expert discovery is still underway, so the rationale underpinning the Western
District's opinion in <u>Juarez</u> is wholly inapposite.

Defendants' desperate attempt to exclude all three (3) of Plaintiff's police practices experts
from testifying at trial before expert depositions have even started[6] becomes even more apparent
based on their citations to case law from other Federal Circuits.  For instance, in a personal injury
case arising out of a helicopter accident, liability was not contested and the parties tried the case
solely on the issue of damages.  <u>Leefe v. Air Logistics, Inc.</u>, 876 F.2d 409, 410 (5th Cir. 1989),
(cited by Defendants' at ECF 145 p. 5). At trial, defense counsel objected to the plaintiff's attempt
to elicit testimony from a physician who gave a second opinion in the course of the plaintiff's
underlying treatment for his injuries. <u>Id</u>. The district court held the testimony was cumulative of
the primary care physician's testimony, but this only occurred **at the time of trial, after plaintiff's
counsel made a proffer of the anticipated testimony of the expert**.  <u>Id</u>. The plaintiff then filed
post-trial motions which were denied, and the Fifth Circuit affirmed the district court's
determinations because both medical experts would offer opinions on the extent of Plaintiff's
disability and his likelihood of developing arthritis. <u>Id</u>. at 411. Of note, the Fifth Circuit stated
"nothing in this opinion should be read to impose a precise limit on the number of experts who can
testify in a given area." <u>Id</u>.  Here, Plaintiff should not be constrained in this way based on a
procedurally defective "motion to preclude" prior to the production of any rebuttal expert reports
offering opinions about the police practices in this case and prior to the end of expert discovery.

---

[6] Although two (2) of Plaintiff's three (3) police practices experts have now been deposed (on September 22, and 23, 2022), at the time that Defendants filed their Motion to Preclude on September 21, 2022, no such depositions had yet occurred.

Defendants also cited <u>Riley v. Dow Chem. Co.</u>, 123 F.R.D. 639, 639-640 (N.D. Cal. 1989), where the plaintiff filed motions (1) to disqualify a defense expert because of an apparent conflict, which the court found did not exist, and (2) to limit the number of experts at trial. There, the court granted the motion to limit the number of experts at trial based on **"the usual practice of [the Northern District of California",** whose "usual practices" and procedures have absolutely no bearing and are not binding on this Honorable Court.  <u>Id</u>. at 640.

Further, Defendants point to <u>Hill v. Porter Memorial Hosp.</u>, 90 F.3d 220, 224 (7th Cir. 1996), where the court excluded experts from testifying because the plaintiff's attorney flagrantly failed to comply with the expert disclosure and expert report deadlines on the Court's Scheduling Order.  More specifically, the plaintiff's attorney identified her second expert witness forty-five (45) days after the disclosure deadline, and produced her second expert's report eighty (80) days after the deadline. <u>Id</u>. Counsel for plaintiff in that case identified her third expert witness seventy-four (74) days late, and did not identify him as a testifying expert witness or produce his report until one hundred and thirty-nine (139) days after the applicable deadline. <u>Id</u>. (stating "the district court struck Drs. Cranberg and Rothenberg as expert witnesses **because their late disclosure violated the scheduling order**.") (emphasis added). In this case, it is Defendants who have **failed to produce any expert reports to the undersigned counsel on the issue of police practices**, and yet they seek to exclude Plaintiff's timely reports before they had even taken any expert depositions or offered rebuttals to Plaintiff's experts, and long before trial is scheduled five (5) months from now. Thus, to the extent the Court considers Defendants' futile citations to case law from outside this jurisdiction, it only favors Plaintiff's position on this trial issue.

There is no reason for the Court to issue a prophylactic order granting the relief Defendants seek. To do so would unduly prejudice Plaintiff by pigeonholing his counsel into selecting a single

expert before any of the defense expert reports on the issue of police practices are produced (if at all), and before expert depositions were even underway, much less complete.

At this time, Plaintiff and his counsel agree he will not produce duplicative expert testimony on the issue of Defendants' constitutionally violative police practices; however, the Court should not bind Plaintiff's counsel into making that decision (which would undercut Plaintiff's counsel's ability to develop and implement trial tactics and strategy) by setting a deadline at this stage when expert discovery is still pending. Indeed, the full scope of the testimony by Plaintiff's testifying experts is not even fully known to the undersigned counsel as Defendants have not produced any expert reports of their own to even rebut the Plaintiff's experts' opinions on the issue of Defendants' police practices.

Finally, given Defendants' intention on filing <u>Daubert</u> motions in this case (<u>see</u> Defendants' Memorandum of Law in Support of Motion, ECF Doc. 145 at 1 & fn.1 (reserving the right to file "appropriate evidentiary motions" between the conclusion of expert discovery and trial regarding the scope and admissibility of Plaintiff's experts)), it would be premature and severely prejudicial to impose an artificial limit on Plaintiff to one (1) expert on the issue of police practices, thereby allowing Defendants to later attempt to exclude that very expert from testifying based on a <u>Daubert</u> motion that Defendants have forecasted in their instant brief. These improper litigation tactics, particularly in view of Defendants' failure to produce any of their own expert reports regarding police practice, should not be affirmed. Therefore, Plaintiff respectfully requests this Court deny Defendants' improper and premature Motion, and properly defer determinations regarding the scope and admissibility of expert testimony until the appropriate time after expert discovery is complete.

**IV.**   **CONCLUSION**

In consideration of the foregoing, Plaintiff respectfully requests the Court enter an Order denying Defendants' Motion in the form attached hereto.

Respectfully submitted,

**VSCP**LAW  VAN NAARDEN · SPIZER
CHASE · PINTO

*Julia Ronnebaum*

JOSHUA VAN NAARDEN, ESQUIRE
JULIA RONNEBAUM, ESQUIRE
Two Commerce Square
2001 Market Street, Suite 3700
Philadelphia, PA 19103
TEL:  215-960-0000
FAX:  215-960-0384

Dated: September 28, 2022                  *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Valerie A. Wilus, Paralegal, hereby certify that I caused a true and correct copy of the foregoing Response in Opposition to Motion to Preclude to be served via ECF and email upon the following:

Danielle B. Rosenthal, Esquire
Katelyn Mays, Esquire
City of Philadelphia – Solicitor Office
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
danielle.rosenthal@phila.gov
Katelyn.mays@phila.gov

*Attorneys for Defendants*

**V'SCP LAW**  VAN NAARDEN · SPIZER
CHASE · PINTO

*Valerie A. Wilus*
VALERIE A. WILUS

Dated: September 28, 2022