**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD MICHAEL OUTLAW, | : | |
| Plaintiff, | : | |
| | : | |
| | : | **Civil Action** |
| v. | : | **No. 21-1290** |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |
| | : | |

**PARTIES' JOINT REPORT REGARDING APPOINTMENT OF SPECIAL MASTER**

       Pursuant to the Court's Order dated November 18, 2022, the Parties, through counsel, conferred with Mr. Aronchick via telephone conference on November 21, 2022, regarding his contemplated engagement as Special Master in the above-captioned matter.  The Parties discussed Mr. Aronchick's fee schedule and matters where the firm of Hangley Aronchick Segal Pudlin & Schiller either represents or is adverse to the City of Philadelphia and/or its public officials. Mr. Aronchick advised that he will be filing an affidavit pursuant to FRCP Rule 53, which will include the matters raised by the City in its filing of November 17, 2022 (ECF No. 174).

       Neither Plaintiff nor Defendants object to Mr. Aronchick's appointment on either basis provided that Mr. Aronchick's appointment is limited at this time to the issue of affirmative and rebuttal written *Monell* discovery regarding the policies and practices of the Philadelphia Police Department.[1]  To the extent that an expansion of this scope is later contemplated to documents outside the custody of the Police Department, the Parties agree that further discussions regarding any objections to Mr. Aronchick's appointment would be required.

---

[1] While the Court's November 14, 2022 Order seeks to refer all "pre-trial motions" to Mr. Aronchick, the parties understand that Mr. Aronchick will resolve motion relevant to the discovery dispute outlined here, but that the case would be referred back to the Court for dispositive motions.

Although the Parties were able to agree on the content of much of a proposed order appointing Mr. Aronchick as Special Master, they maintain different positions as to the appropriate scope of Mr. Aronchick's appointment, even when confined to the narrow discovery issue described above.  The Parties therefore submit two proposed orders for the Court's consideration, along with the below statements of position to inform the Court's analysis.

**<u>Defendants' Position</u>**

As the Court observed in its Notice & Order dated November 14, 2022 (ECF No. 171), the Parties have significant disputes on the issue of review and production of investigatory and disciplinary files as pertinent to the *Monell* issues in this matter.  In the Parties' Joint Status Report dated November 10, 2022, Defense counsel previewed a number of these issues, including significant disagreements on the quantity and scope of files to be reviewed and produced; the feasibility, practicality, and proportionality of implementation, particularly within the designated time frame; and potentially necessary proposed modifications of the Court's Order if so recommended by the Special Master.  Further, depending on whether the Parties can resolve the issues, Defense counsel anticipates the Special Master potentially needing to resolve related issues, including the Parties' agreement on Defendants' entitlement to rebuttal discovery and Plaintiff's agreement to share production costs, as stated to the Court.

Absent fully empowering the Special Master to work with the Parties to resolve these important issues, the Parties would need to return to the Court for continuous intervention, which would undermine the very purpose for Mr. Aronchick's appointment.  Thus, although Defendants are agreeable to an Order that empowers Mr. Aronchick to monitor and enforce compliance with discovery obligations, they also respectfully request that, consistent with orders appointing special

masters in other matters[2], Mr. Aronchick be appointed to investigate and supervise all discovery related to the issue for which he is being appointed by the Court (i.e., production of the documents in the custody of the Police Department as referenced in the Court's November 14, 2022 Order, ECF No. 171), including evaluating the scope, proportionality, and burden of discovery and modification or entry of further orders as appropriate. *See* Defendants' Proposed Order, attached as Exhibit A.

**Plaintiff's Position**

Plaintiff has no objection to the appointment of Mr. Aronchick as Special Master. Plaintiff submits an alternative Proposed Order, attached as Exhibit B[3], and a separate "position" statement for the sole purpose of clarifying the Court's intent regarding the Special Master's ability to "modify" the Court's November 1, 2022, Order, ECF No. 164, as proposed by Defendants.  As Plaintiff understands it, the Special Master will not have authority to modify, alter, or narrow the scope of the Courts Order, ECF No. 164.  Rather, the Special Master will have authority to manage the production of materials responsive to ECF No. 164 (i.e. time frame, costs, search methods, confidentiality issues, etc.) and any subsequent discovery disputes or issues that arise out of the production of the ordered material.

---

[2] *See e.g., Johnson v. Smithkline Beechman Corp. et al.*, Civ. No. 11-5782, ECF No. 239 (appointing Special Master to "investigat[e] and supervis[e] all discovery respecting the [ ] discovery issue" and "facilitat[e] the Parties' resolution of any discovery disputes concerning the [ ] discovery issue" and ordering that the "Special Master may, if necessary, reopen depositions, order production of documents, propound interrogatories or requests for admission, and employ any other procedures contemplated by Rule 53 and the Federal Rules").

[3] Also attached for the Court's reference is Exhibit C, which identifies the differences between the Proposed Order submitted by Defendants (Exhibit A) and the Proposed Order submitted by Plaintiff (Exhibit B).

Date:  November 22, 2022                         Respectfully submitted,

                                                */s/ Danielle E. Walsh*
                                                Danielle E. Walsh
                                                Divisional Deputy City Solicitor
                                                Pa. Attorney ID No. 312438
                                                City of Philadelphia Law Department
                                                1515 Arch Street, 14th Floor
                                                Philadelphia, PA 19102
                                                Danielle.walsh@phila.gov

                                                */s/ Danielle B. Rosenthal*
                                                Danielle B. Rosenthal
                                                Deputy City Solicitor
                                                PA Bar No. 329676
                                                City of Philadelphia Law Department
                                                1515 Arch Street, 14th Floor
                                                Philadelphia, PA 19102
                                                (215) 683-5448
                                                danielle.rosenthal@phila.gov

                                                */s/ Katelyn Mays*
                                                Katelyn Mays
                                                Assistant City Solicitor
                                                Pa. Attorney ID No. 324246
                                                City of Philadelphia Law Department
                                                1515 Arch Street, 14th Floor
                                                Philadelphia, PA 19102
                                                (215) 683-5434
                                                katelyn.mays@phila.gov

                                                Counsel for Defendants



VSCPLAW   VAN NAARDEN · SPIZER
          CHASE · PINTO

*Julia Ronnebaum*

JOSHUA VAN NAARDEN, ESQUIRE
JULIA RONNEBAUM, ESQUIRE
Two Commerce Square
2001 Market Street, Suite 3700
Philadelphia, PA 19103
TEL:  215-960-0000
FAX:  215-960-0384

Counsel for Plaintiff

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD MICHAEL OUTLAW, | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 21-1290** |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| **Defendants.** | : | |
| | : | |

## <u>DEFENDANTS' PROPOSED ORDER</u>

Pursuant to Fed. R. Civ. P. 53(a)(1)(C) and the Court's inherent equitable powers, Mark A. Aronchick, Esq. is appointed to serve as Special Discovery master in this litigation.  The following terms shall govern his appointment:

1.      Mr. Aronchick may employ the services of his firm Hangley Aronchick and of associate attorneys or personnel within the firm as necessary.

2.      Before being appointed, the Special Master must file an affidavit "disclosing whether there is any ground for disqualification under 28 U.S.C. § 455." Fed. R. Civ. P. 53(b) (3).

3.      The scope of the Special Master's appointment shall be as follows:

a.      Investigating and supervising all affirmative and rebuttal discovery pertaining to the production of the documents in the custody of the Police Department as referenced in the Court's November 14, 2022 Order, ECF No. 171.

b.      Monitoring and reporting on the Parties' compliance with their discovery and disclosure obligations pertaining to this discovery issue and taking such actions as necessary to ensure the Parties' compliance with such discovery and disclosure obligations.

c.      Facilitating the Parties' resolution of any discovery disputes concerning this discovery issue.

4.      The Special Master shall report to the Court and the Parties concerning the status of discovery compliance on the described discovery issue. The Special Master shall issue a report once every 30 days until the completion of his review, if his review lasts longer than 30 days. The Parties may object to the Special Master's conclusions according to a schedule to be determined. The Court will review these objections under the standards set forth in Fed. R. Civ. P. 53(f).

5.      The Special Master may require periodic reports from the Parties regarding discovery compliance and compliance with any other orders of the Special Master.

6.      The orders, reports, and recommendations of the Special Master may be introduced as evidence in accordance with the Federal Rules of Evidence.

7.      The Special Master shall maintain written records, including orders, reports, and recommendations, and shall file them on the electronic docket along with any evidence that he believes will assist the Court. The Special Master shall preserve any documents he receives from the Parties.

8.      The Special Master shall have the access to individuals, information, documents, materials, programs, services, facilities, and premises relevant to this Order as required to perform his duties.

9.      The Special Master may communicate *ex parte* with counsel insofar as it pertains to discovery compliance or *in camera* review of documents as necessary. The Special Master may communicate *ex parte* with the Court without notice to the Parties concerning procedural matters, to assist the Court's understanding of complex discovery matters, or for any other reason reasonably necessary to the fulfillment of his duties.

10.     The Court has considered the fairness of imposing the likely expenses on the Parties and has taken steps to protect against unreasonable expense or delay.  The Special Master

shall be paid the combined hourly rate of $600 as agreed by the Parties for work done pursuant to this Order and shall be reimbursed for all reasonable expenses incurred. The Special Master shall bill the Parties on a monthly basis for fees and expenses and those bills shall promptly be paid as follows: 50% by Plaintiff and 50% by Defendants. The Special Master shall incur only such fees and expenses as are reasonably necessary to fulfill his duties under this Appointment Order.

11.     The Special Master is authorized to utilize his firm— Hangley Aronchick Segal Pudlin & Schiller—to assist in the completion of the matters referred to the Special Master in this Order. The reasonable fees of Hangley Aronchick shall be paid by the Parties in the same manner set forth above.

12.     As required by Rule 53(b)(2), the Court directs the special master to proceed with all reasonable diligence.

13.     The Special Master shall be discharged or replaced only upon Order of the Court.

14.     As an agent and officer of the Court, the Special Master and those working at his direction shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal adjuncts performing similar functions.

**BY THE COURT:**

_____

**CHAD F. KENNEY, JUDGE**

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD MICHAEL OUTLAW, | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 21-1290** |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| **Defendants.** | : | |
| | : | |

## PLAINTIFF'S PROPOSED ORDER

Pursuant to Fed. R. Civ. P. 53(a)(1)(C) and the Court's inherent equitable powers, Mark A. Aronchick, Esq. is appointed to serve as Special Discovery master in this litigation. The following terms shall govern his appointment:

1.      Mr. Aronchick may employ the services of his firm Hangley Aronchick and of associate attorneys or personnel within the firm as necessary.

2.      Before being appointed, the Special Master must file an affidavit "disclosing whether there is any ground for disqualification under 28 U.S.C. § 455." Fed. R. Civ. P. 53(b) (3).

3.      The scope of the Special Master's appointment shall be as follows:

a.      Investigating and supervising all affirmative and rebuttal discovery pertaining to the production of the documents in the custody of the Police Department as Ordered by this Court on November 1, 2022, ECF No. 164, and as described in footnote 1 of this Court's November 14, 2022, Order, ECF No. 171.

b.      Managing the procedure for reviewing and identifying the documents in the custody of the Police Department that are responsive to Court Order, ECF No. 164.

c.      Monitoring and reporting on the Parties' compliance with their discovery and disclosure obligations pertaining to this discovery issue and taking such actions as necessary

to ensure the Parties' compliance with such discovery and disclosure obligations.

        d.    Facilitating the Parties' resolution of any discovery disputes concerning this discovery issue.

4.    The Special Master shall report to the Court and the Parties concerning the status of discovery compliance on the described discovery issue. The Special Master shall issue a report once every 30 days until the completion of his review, if his review lasts longer than 30 days. The Parties may object to the Special Master's conclusions according to a schedule to be determined. The Court will review these objections under the standards set forth in Fed. R. Civ. P. 53(f).

5.    The Special Master may require periodic reports from the Parties regarding discovery compliance and compliance with any other orders of the Special Master.

6.    The orders, reports, and recommendations of the Special Master may be introduced as evidence in accordance with the Federal Rules of Evidence.

7.    The Special Master shall maintain written records, including orders, reports, and recommendations, and shall file them on the electronic docket along with any evidence that he believes will assist the Court. The Special Master shall preserve any documents he receives from the Parties.

8.    The Special Master shall have the access to individuals, information, documents, materials, programs, services, facilities, and premises relevant to this Order as required to perform his duties.

9.    The Special Master may communicate *ex parte* with counsel insofar as it pertains to discovery compliance or *in camera* review of documents as necessary. The Special Master may communicate *ex parte* with the Court without notice to the Parties concerning procedural matters, to assist the Court's understanding of complex discovery matters, or for any other reason

reasonably necessary to the fulfillment of his duties.

10.     The Court has considered the fairness of imposing the likely expenses on the Parties and has taken steps to protect against unreasonable expense or delay.  The Special Master shall be paid the combined hourly rate of $600 as agreed by the Parties for work done pursuant to this Order and shall be reimbursed for all reasonable expenses incurred. The Special Master shall bill the Parties on a monthly basis for fees and expenses and those bills shall promptly be paid as follows: 50% by Plaintiff and 50% by Defendants. The Special Master shall incur only such fees and expenses as are reasonably necessary to fulfill his duties under this Appointment Order.

11.     The Special Master is authorized to utilize his firm— Hangley Aronchick Segal Pudlin & Schiller—to assist in the completion of the matters referred to the Special Master in this Order. The reasonable fees of Hangley Aronchick shall be paid by the Parties in the same manner set forth above.

12.     As required by Rule 53(b)(2), the Court directs the special master to proceed with all reasonable diligence.

13.     The Special Master shall be discharged or replaced only upon Order of the Court.

14.     As an agent and officer of the Court, the Special Master and those working at his direction shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal adjuncts performing similar functions.

**BY THE COURT:**

_____

**CHAD F. KENNEY, JUDGE**

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD MICHAEL OUTLAW, | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 21-1290** |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| **Defendants.** | : | |
| | : | |

## PLAINTIFF'S PROPOSED ORDER

Pursuant to Fed. R. Civ. P. 53(a)(1)(C) and the Court's inherent equitable powers, Mark A. Aronchick, Esq. is appointed to serve as Special Discovery master in this litigation.  The following terms shall govern his appointment:

1.      Mr. Aronchick may employ the services of his firm Hangley Aronchick and of associate attorneys or personnel within the firm as necessary.

2.      Before being appointed, the Special Master must file an affidavit "disclosing whether there is any ground for disqualification under 28 U.S.C. § 455." Fed. R. Civ. P. 53(b) (3).

3.      The scope of the Special Master's appointment shall be as follows:

a.      Investigating and supervising all affirmative and rebuttal discovery pertaining to the production of the documents in the custody of the Police Department as ~~referenced in the Court's November 14, 2022 Order, ECF No. 171~~Ordered by this Court on November 1, 2022, ECF No. 164, and as described in footnote 1 of this Court's November 14, 2022, Order, ECF No. 171. ~~.~~

~~a.~~b.      Managing the procedure for reviewing and identifying the documents in the custody of the Police Department that are responsive to Court Order, ECF No. 164.

~~b.~~c.      Monitoring and reporting on the Parties' compliance with their discovery

and disclosure obligations pertaining to this discovery issue and taking such actions as necessary to ensure the Parties' compliance with such discovery and disclosure obligations.

        c.d.     Facilitating the Parties' resolution of any discovery disputes concerning this discovery issue.

       4.     The Special Master shall report to the Court and the Parties concerning the status of discovery compliance on the described discovery issue. The Special Master shall issue a report once every 30 days until the completion of his review, if his review lasts longer than 30 days. The Parties may object to the Special Master's conclusions according to a schedule to be determined. The Court will review these objections under the standards set forth in Fed. R. Civ. P. 53(f).

       5.     The Special Master may require periodic reports from the Parties regarding discovery compliance and compliance with any other orders of the Special Master.

       6.     The orders, reports, and recommendations of the Special Master may be introduced as evidence in accordance with the Federal Rules of Evidence.

       7.     The Special Master shall maintain written records, including orders, reports, and recommendations, and shall file them on the electronic docket along with any evidence that he believes will assist the Court. The Special Master shall preserve any documents he receives from the Parties.

       8.     The Special Master shall have the access to individuals, information, documents, materials, programs, services, facilities, and premises relevant to this Order as required to perform his duties.

       9.     The Special Master may communicate *ex parte* with counsel insofar as it pertains to discovery compliance or *in camera* review of documents as necessary. The Special Master may communicate *ex parte* with the Court without notice to the Parties concerning procedural

matters, to assist the Court's understanding of complex discovery matters, or for any other reason reasonably necessary to the fulfillment of his duties.

10.     The Court has considered the fairness of imposing the likely expenses on the Parties and has taken steps to protect against unreasonable expense or delay.  The Special Master shall be paid the combined hourly rate of $600 as agreed by the Parties for work done pursuant to this Order and shall be reimbursed for all reasonable expenses incurred. The Special Master shall bill the Parties on a monthly basis for fees and expenses and those bills shall promptly be paid as follows: 50% by Plaintiff and 50% by Defendants. The Special Master shall incur only such fees and expenses as are reasonably necessary to fulfill his duties under this Appointment Order.

11.     The Special Master is authorized to utilize his firm— Hangley Aronchick Segal Pudlin & Schiller—to assist in the completion of the matters referred to the Special Master in this Order. The reasonable fees of Hangley Aronchick shall be paid by the Parties in the same manner set forth above.

12.     As required by Rule 53(b)(2), the Court directs the special master to proceed with all reasonable diligence.

13.     The Special Master shall be discharged or replaced only upon Order of the Court.

14.     As an agent and officer of the Court, the Special Master and those working at his direction shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal adjuncts performing similar functions.

**BY THE COURT:**

_____

**CHAD F. KENNEY, JUDGE**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **DONALD MICHAEL OUTLAW,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 21-1290** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this date, the above-referenced Joint Status Report has been filed via ECF system and served upon all counsel of record on the date below.

Date: November 22, 2022

*/s/ Katelyn Mays*
Katelyn Mays
Assistant City Solicitor
Pa. Attorney ID No. 324246
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5434
katelyn.mays@phila.gov